# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MATTHEW MENARD and
MATADOR LLC d/b/a VAUGHN
ASSOCIATES MN,

      Plaintiffs,

  v.

BESTWAY (USA), INC., and BESTWAY
INFLATABLES AND MATERIALS
CORP.,

      Defendants.

Case No. 15-cv-2931 (JNE/SER)
ORDER

On September 15, 2017, the Court filed a Memorandum under seal. Dkt. No. 89. On September 22, 2017, the parties informed the Court that they agree that the Memorandum may be unsealed. Dkt. No. 92.

Also on September 22, Defendants Bestway (USA), Inc., and Bestway Inflatables and Materials Corp. filed a letter pursuant to Local Rule 7.1(j) requesting permission to file a motion for reconsideration. Dkt. No. 91 ("Ltr."). Plaintiffs oppose the request. *See* Dkt. No. 93. Defendants seek leave to move for reconsideration of the Court's decision to deny Defendants' motion for summary judgment and to allow Plaintiffs to move to amend their complaint. Defendants claim that "it was not until 11 days before the end of discovery that Plaintiffs revealed the factual information in the Complaint, which provided the grounds on which their claim rests, did not exist, and instead planned to pursue a different breach of contract theory." Ltr. 1. They argue that it was manifest error to deny summary judgment because Plaintiffs had not proved the exact contract terms pleaded in Count II. They cite cases in which courts have granted summary judgment and declined to condone a plaintiff's too-late assertion of claims not pleaded in the complaint.

Defendants asserted similar arguments in their motion for summary judgment. *See* Dkt. No. 52, at 11-14 (arguing that "[a]fter 18 months of litigation, Plaintiffs, for the first time—during Menard's January 2017 deposition—revealed that the sales representative agreement at issue was not what was alleged in the Complaint, but was a January 2012 oral agreement entered into by Menard and Kwok which provided Menard a 3% commission on all net shipments related to the Target account"). In deciding Defendants' motion for summary judgment, the Court considered the arguments but determined that the facts of this case did not merit the result urged by Defendants, which was entering judgment in their favor on all counts, Sept. 15, 2017 Mem., Dkt. No. 89, at 13-14, nor did it merit granting summary judgment on Count II, the breach of contract claim, *id.* at 12-13.

The legal citations in Defendants' letter neither compel a different result nor convince the Court that a different result is merited. The pleading requirements of the Federal Rules of Civil Procedure set a "low standard" that serves the purpose of "giv[ing] the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir. 2004) (quoting *Oglala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir.1979)). It is true that the Rules do not "entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment." *Id.* at 1057. This case, however, is easily distinguishable from *Northern States*, in which plaintiffs had failed to plead the cause of action that they sought to advance at summary judgment, and further failed to plead anything at all that "would have notified the Defendants of this claim." *Id.*; *see also S & A Farms, Inc. v. Farms.com, Inc.*, 678 F.3d 949, 953 (8th Cir. 2012) (holding that plaintiff did not provide the defendant fair notice and failed to sufficiently plead a fraudulent-inducement claim where the

complaint did not affirmatively state that theory, use the word "induce," or use language tracking the statutory provision). Here, Plaintiffs pleaded a breach of contract claim, so this is not a case in which a party attempts to belatedly append a new cause of action. Moreover, they alleged a contract between them and Defendants regarding Plaintiffs' sales representative work for Defendants with respect to a particular retailer beginning in 2012, with commission rates that included 3% in 2015. As to these allegations, the Court found that Plaintiffs pointed to facts in the record that show genuinely disputed issues of fact. *See, e.g.*, Dkt. No. 89, at 12 (noting disputes about "whether the commission payments that were made were calculated correctly and whether Defendants should have paid commissions on 2015 sales").

Defendants object that although the Complaint also pleaded contract terms for 2% commissions in 2013 and 2014, Menard testified at his deposition that he reached an oral agreement for 3% commissions beginning in 2013. In its Memorandum, the Court acknowledged the discrepancy as to these particular terms, and it will reiterate that Defendants might be able to use the pleading with some force against Plaintiffs at trial as an admission. But this variation as to *some terms* of the alleged contract does not mandate granting Defendants' summary judgment motion on the breach-of-contract claim or on all counts. The substantial overlap between the allegations and the record at summary judgment, as described above, indicate that Defendants had fair notice of the nature of and basis for Plaintiffs' claims. Other factors confirm this conclusion and indicate that Defendants were able to prepare a defense to the Complaint. The gravamen of Defendants' defense is that they never came to any agreement with Plaintiffs and, rather, had a contract with a third party, Tom Strauss's company, believing Menard to have been an employee of that company. Defendants deny that there was ever any oral agreement reached between Menard and the previous leader of Bestway (USA), Inc., Danny

Kwok. The record reflects that Defendants were able to anticipate the oral agreement theory quickly after being served with Plaintiffs' Complaint. In his deposition, which took place *before* Menard's deposition, current Bestway (USA), Inc., CEO Patrick Fumagalli denied any agreement between Kwok and Menard and explained that "when the case came to our attention," he reached out to Kwok to ask if Kwok had reached any agreement—oral or otherwise—with Menard. Sheehan Decl. Ex. A 94:24-95:22, Dkt. No. 54. As for the defense theory that Defendants contracted solely with Strauss's company on the understanding that Menard was its employee, the record similarly reflects that Defendants were able to identify the theory early on, *see, e.g.*, Sheehan Decl. Ex. Q, Dkt. No. 53-7, and pursue it through discovery. Defendants were even able to depose Strauss after deposing Menard. *Compare* Sheehan Decl. Ex. C, Dkt. No. 56 (Menard deposition on January 20, 2017), *with id.* Ex. B, Dkt. No. 55 (Strauss deposition on February 7, 2017).[1] In summary judgment briefing and in their letter, *see* Ltr. 2 n.1, Defendants did not identify any discovery that they were unable to take or any other specific way they have been prejudiced in the preparation of their defense by the 2%-contract-term variation. The Court concludes that the Complaint's allegations gave them fair notice of the breach of contract claim.

For these reasons, the Court denies Defendants' letter request for permission to file a motion for reconsideration.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Clerk of Court is DIRECTED TO UNSEAL the Memorandum (Written Opinion) at Dkt. No. 89.

---

[1] In addition, Plaintiffs assert that in November 2016, in a response to an interrogatory seeking facts about the agreement alleged in the Complaint, Plaintiffs described an agreement to pay a 3% commission rate beginning in 2013. *See* Dkt. No. 93.

4

2. Defendants Bestway (USA), Inc., and Bestway Inflatables and Materials Corp.'s letter request for permission to file a motion to reconsider [Dkt. No. 91] is DENIED.

Dated: September 26, 2017                                  s/ Joan N. Ericksen
                                                                JOAN N. ERICKSEN
                                                                United States District Judge